ZAREMBA BROWNELL & BROWN PLLC
40 Wall Street, 27th Floor
New York, New York 10005
(212) 380-6700
Facsimile (212) 871-6395
Attorneys for Plaintiffs
ALPHONZO SIMMONS, STEPHEN MAGEE & KENNETH BROWN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY – NEWARK VICINAGE

---------------------------------------------------------------x
ROSE MARY OLCESE and JOSEPH URBANO, in
their capacity as Administrators of the ESTATE OF
SALVATOR URBANO AND JEANETTE
URBANO,

                    Plaintiffs,

    vs.                                               **Civil Action No. 09-cv-6076 (SRC)**

DEWEY T. THOMAS, RON CAMPBELL,
CROMARTIE TRANSPORTATION LINES,       **SECOND AMENDED COMPLAINT**
ZELENKA NURSERY, CRST MALONE, INC.
JOHN DOE 1-10, ABC CORP., JANE ROE 1-10 and
DEF CORP., (fictitiously named),

                    Defendants.
---------------------------------------------------------------x
ALPHONZO SIMMONS, STEPHEN MAGEE &
KENNETH BROWN,                                   **Civil Action No. 09-cv-6484 (NLH)**

                    Plaintiffs,

    vs.

DEWEY T. THOMAS, RON CAMPBELL,
CROMARTIE TRANSPORT LINES, LLC,
ZELENKA NURSERY, LLC, CRST MALONE,
INC., TRI-B NURSERY, INC., JOHN DOE 1-10
(fictitiously named), ABC CORP. (fictitiously named),
JANE ROE 1-10 (fictitiously named)& DEF CORP.,
(fictitiously named),

                    Defendants.

---------------------------------------------------------------x

```
-----------------------------------------------------------------x
```
EDWARD M. KANE, ADMINISTRATOR AND
ADMINISTRATOR AD PROSEQUENDUM OF THE
ESTATES OF ANNA B KANE, ROSE K. KANE
AND FRANCES X. KANE

                            Plaintiffs,                      Civil Action No.10-970

vs.

DEWEY T. THOMAS, ET, AL.

                            Defendants.

```
-----------------------------------------------------------------x
```

       Plaintiff, ALPHONZO SIMMONS, residing at 425-6 E 110th Street, New York, New York in the County of New York and the State of New York, and STEPHEN MAGEE residing at 161-30 129 Avenue, Jamaica, New York in the County of Queens, State of New York, and KENNETH BROWN residing at 2149 Bergen Street, Brooklyn, New York in the County of Kings, State of New York, by way of complaint state:

### THE PARTIES

       1.     Plaintiff ALFONZO SIMMONS is a citizen of the State of New York and resides at 425 East 110th Street, Apt. 655, New York, New York.

       2.     Plaintiff STEPHEN MAGEE is a citizen of the State of New York and resides at P.O. Box 340986, Jamaica, New York.

       3.     Plaintiff KENNETH BROWN is a citizen of the State of New York and resides at 2149 Bergen Street, 1st Floor, Brooklyn, New York.

       4.     Defendant DEWEY TYRONE THOMAS is a citizen of Georgia and resides at 5469 Eastbrook Lane, Columbus, Georgia.

       5.     Defendant RON CAMPBELL is a citizen of Georgia and resides at 101 Shoals Pt, Eatonton, Georgia.

6. Defendant CROMARTIE TRANSPORT LINES, LLC ("CROMARTIE TRANSPORT") is a Limited Liability Company organized and existing under and by virtue of the laws of the State of Georgia, with its principal place of business at 568 Lummus Avenue, Austel, Georgia 31907. Upon information and belief the members of CROMARTIE TRANSPORT are Marcus Cromartie, residing at 568 Lummus Avenue, Austell, Georgia 30168, and Shuvonne Dumas, residing at 1712 Tree Lodge Parkway, Lithia Springs, Georgia 30122.

7. Defendant ZELENKA NURSERY LLC is a Limited Liability Company organized and existing under and by virtue of the laws of the State of Oklahoma, with its principal place of business at 16127 Winans Street, Grand Haven, Michigan 49417. Upon information and belief the sole member of ZELENKA NURSERY LLC is Brian Berry, residing at 1111 Wilcox Circle, Tahlequah, Oklahoma 74464.

8. Defendant CRST MALONE, INC., is a foreign corporation organized and existing under and by virtue of the laws of the State of Delaware, with its principal place of business at 200 35th Street, South Birmingham, Alabama.

9. Upon information and belief, defendant TRI-B NURSERY, INC., is a Limited Liability Company organized and existing under and by virtue of the laws of the State of Oklahoma, with its principal place of business at 3050 S. Muskogee Avenue, Tahlequah, OK 74464-5402.

10. Defendant(s) JOHN DOES(S) 1 through 6, ABC CORP., and JANE ROE (fictitious-name designations of one or more persons or entities whose identities have yet to be determined) are individuals, partnerships, joint ventures, associations, corporations, municipal subdivisions and/or principal(s) of other named defendants who acted alone or were acting

within the scope of their agency and/or employment and in the service of their employer(s), master(s) and/or principal(s) at all times relevant hereto.

## JURISDICTION

11. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.§§ 1332(a) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00.

12. This Court has personal jurisdiction over the defendants insofar as they conduct business in this State and in this district and the cause of action arose within the State of New Jersey, County of Burlington.

## FIRST COUNT (Personal Injury)

13. That on or about April 25, 2009, Plaintiff STEPHEN MAGEE, was lawfully operating a vehicle, known as a Black 1999 Jeep Cherokee with license plate number BEN7686 registered in the state of New York, on the New Jersey Turnpike South at or about Mile Post 35.

14. That on or about April 25, 2009, Plaintiffs ALPHONZO SIMMONS and KENNETH BROWN, were passengers in the vehicle operated by STEPHEN MAGEE, on the New Jersey Turnpike South at or about Mile Post 35.

15. That on or about April 25, 2009, the Defendant, DEWEY T. THOMAS, owned and negligently maintained and operated a motor vehicle know as a 2000 White Freightliner Tractor with license plate number H9402345 and registered in the State of Georgia, on the New Jersey Turnpike South at or about Mile Post 35.

16. At the aforementioned time and place the motor vehicle owned and /or operated by Defendant DEWEY T. THOMAS transported a white, 2005, Great Dane, trailer, registration

number 3933FC(OK), VIN number 1GRAA06255J609666, owned and/or operated by ZELENKA NURSERY and/or TRI-B NURSERY, INC.

17. At all time relevant herein the ZELENKA NURSERY and/or TRI-B NURSERY, INC negligently operated, loaded, and maintained the aforesaid trailer.

18. That on or about April 25, 2009, the Defendant, RON CAMPBELL, owned and negligently maintained and operated a motor vehicle known as a 2000 White Freightliner Tractor with license plate number H9402345 and registered in the State of Georgia, on the New Jersey Turnpike South at or about Mile Post 35.

19. At the aforementioned time and place the motor vehicle owned and/or operated by Defendant RON CAMPBELL transported a white, 2005, Great Dane, trailer, registration number 3933FC(OK), VIN number 1GRAA06255J609666, owned and/or operated by ZELENKA NURSERY and/or TRI-B NURSERY, INC.

20. At all time relevant herein the ZELENKA NURSERY and/or TRI-B NURSERY, INC. negligently operated, loaded, and maintained the aforesaid trailer.

21. That on or about April 25, 2009, the Defendant, CROMARTIE TRANSPORT, owned and negligently maintained and operated a motor vehicle known as a 2000 White Freightliner Tractor with license plate number H9402345 and registered in the State of Georgia, on the New Jersey Turnpike South at or about Mile Post 35.

22. At the aforementioned time and place the motor vehicle owned and/or operated by Defendant CROMARTIE TRANSPORT transported a white, 2005, Great Dane, trailer, registration number 3933FC(OK), VIN number 1GRAA06255J609666, owned and/or operated by ZELENKA NURSERY and/or TRI-B NURSERY, INC.

23. At all time relevant herein the ZELENKA NURSERY and/or TRI-B NURSERY, INC negligently operated, loaded, and maintained the aforesaid trailer.

24. That on or about April 25, 2009, the Defendant, CRST MALONE, INC., owned and negligently maintained and operated a motor vehicle known as a 2000 White Freightliner Tractor with license plate number H9402345 and registered in the State of Georgia, on the New Jersey Turnpike South at or about Mile Post 35.

25. At the aforementioned time and place the motor vehicle owned and/or operated by Defendant CRST MALONE, INC. transported a white, 2005, Great Dane, trailer, registration number 3933FC(OK), VIN number 1GRAA06255J609666, owned and/or operated by ZELENKA NURSERY and/or TRI-B NURSERY, INC.

26. At all time relevant herein the ZELENKA NURSERY and/or TRI-B NURSERY, INC negligently operated, loaded, and maintained the aforesaid trailer.

27. That on or about April 25, 2009, the Defendant, ZELENKA NURSERY and/or TRI-B NURSERY, INC, owned and negligently maintained and operated a motor vehicle known as a 2000 White Freightliner Tractor with license plate number H9402345 and registered in the State of Georgia, and transported a white, 2005, Great Dane, trailer, registration number 3933FC(OK), VIN number 1GRAA06255J609666, owned and/or operated by ZELENKA NURSERY and/or TRI-B NURSERY, INC, on the New Jersey Turnpike South at or about Mile Post 35.

28. That on or about April 25, 2009, the Defendant, ZELENKA NURSERY and/or TRI-B NURSERY, INC, owned and negligently maintained and operated a motor vehicle known as a 2000 White Freightliner Tractor with license plate number H9402345 and registered in the State of Georgia, on the New Jersey Turnpike South at or about Mile Post 35.

29. At all time relevant herein the ZELENKA NURSERY and/or TRI-B NURSERY, INC negligently operated, loaded, and maintained the aforesaid trailer.

30. That on or about April 25, 2009, the Defendant, JOHN DOE 1-10 and ABC CORP. 1-10, fictitious entity, negligently maintained and/or improperly operated the aforementioned vehicles on New Jersey Turnpike South at or about Mile Post 35.

31. That at the time of the accident, Defendant, DEWEY T. THOMAS, was operating the aforementioned tractor and trailer as the agent, servant or employee of defendants, CROMARTIE TRASPORATION LINES, RON CAMPBELL, ZELENKA NURSERY, TRI-B NURSERY, INC, AND CRST MALONE, INC.

32. That at the time of the accident, Defendant, DEWEY T. THOMAS, was operating the aforementioned vehicles as the agent, servant or employee of defendants, JANE ROES 1-10 and DEF CORP. 1-10, fictitious entities.

33. That on April 25, 2009, an accident was caused to occur on the New Jersey Turnpike South at or about Mile Post 35, between the aforementioned vehicles owned and operated by Defendants, DEWEY T. THOMAS, CROMARTIE TRASPORATION LINES, RON CAMPBELL, ZELENKA NURSERY, TRI-B NURSERY, INC, AND CRST MALONE, INC. That on April 25, 2009, the defendants caused an accident to occur on the New Jersey Turnpike South near Mile Post 35, between the aforementioned vehicles owned and operated by Defendants, JOHN DOES 1-10, ABC CORP. 1-10, JANE ROES 1-10 AND DEF CORP. 1-10, fictitious entities, and the vehicle occupied by the plaintiffs.

34. That the aforementioned accident occurred wholly and solely as a result of the negligence of the defendants in their ownership, operation, maintenance and control of the tractor and trailer.

35. As a direct and proximate result of said accident, plaintiffs sustained severe and permanent bodily injuries, rendering ALPHONZO SIMMONS and STEPHEN MAGEE permanently tetraplegics and permanently disabling KENNETH BROWN.

**WHEREFORE**, the Plaintiffs ALPHONZO SIMMONS, STEPHEN MAGEE, and KENNETH BROWN, demand judgment against all of the defendants jointly, severally, and in the alternative as follows:

I. For compensatory damages in an amount to be determined at trial but in no event less than the jurisdictional minimum;

II. Each plaintiff's damages individually exceed $150,000.00;

III. For consequential and punitive damages;

IV. For attorneys' fees and costs in an amount to be determined at trial; and

V. For such other and further relief as this Court may deem equitable and just.

### SECOND COUNT (Negligent Hiring)

36. Plaintiffs repeat, reiterate and reallege every allegation made in the First Count as if those allegations were set out at length herein.

37. Defendants, CROMARTIE TRASPORATION LINES, RON CAMPBELL, ZELENKA NURSERY, TRI-B NURSERY, INC, AND CRST MALONE, were negligent in their hiring, supervision and training of Defendant, DEWEY THOMAS.

38. Defendants, JANE ROES 1-10 and DEF CORP. 1-10, fictitious entities, were negligent in their hiring, supervision and training of Defendant, DEWEY THOMAS.

39. Defendants' negligence in their hiring, supervision and training of Defendant, DEWEY THOMAS, was a proximate cause of the accident and the resultant injuries to Plaintiffs ALPHONZO SIMMONS, STEPHEN MAGEE, and KENNETH BROWN.

**WHEREFORE**, the Plaintiffs ALPHONZO SIMMONS, STEPHEN MAGEE, and KENNETH BROWN, demand judgment against all of the defendants jointly, severally, and in the alternative as follows:

I. For compensatory damages in an amount to be determined at trial but in no event less than the jurisdictional minimum;

II. Each plaintiff's damages individually exceed $150,000.00;

III. For consequential and punitive damages;

IV. For attorneys' fees and costs in an amount to be determined at trial; and

V. For such other and further relief as this Court may deem equitable and just.

### THIRD COUNT (Negligent Entrustment)

40. Plaintiffs repeat, reiterate and reallege every allegation made in each preceding paragraph as if those allegations were set out at length herein.

41. At all times relevant herein the defendants, CROMARTIE TRASPORATION LINES, RON CAMPBELL, ZELENKA NURSERY, TRI-B NURSERY, INC, AND CRST MALONE, negligently entrusted their motor vehicle, namely, a 2000 White Freightliner Tractor with license plate number H9402345 and the attached trailer, to the control of the defendant, DEWEY THOMAS, under circumstances when the defendant did know or should have known that the defendant, DEWEY THOMAS, was unable to operate the vehicle in a safe and reasonable manner.

42. Defendants, JANE ROES 1-10 and DEF CORP. 1-10, fictitious entities, negligently entrusted their motor vehicle, namely, a 2000 White Freightliner Tractor with license plate number H9402345 and attached trailer, to the control of the defendant, DEWEY THOMAS, under circumstances when the defendant did know or should have known that the

defendant, DEWEY THOMAS, was unable to operate the vehicle in a safe and reasonable manner..

43. Defendants' negligence in their hiring, supervision and training of Defendant, DEWEY THOMAS, was a proximate cause of the accident and the resultant injuries to Plaintiffs ALPHONZO SIMMONS, STEPHEN MAGEE, and KENNETH BROWN.

**WHEREFORE**, the Plaintiffs ALPHONZO SIMMONS, STEPHEN MAGEE, and KENNETH BROWN, demand judgment against all of the defendants jointly, severally, and in the alternative as follows:

VI. For compensatory damages in an amount to be determined at trial but in no event less than the jurisdictional minimum;

VII. Each plaintiff's damages individually exceed $150,000.00;

VIII. For consequential and punitive damages;

IX. For attorneys' fees and costs in an amount to be determined at trial; and

X. For such other and further relief as this Court may deem equitable and just.

## **FOURTH COUNT (Respondeat Superior)**

44. Plaintiffs repeat, reiterate and reallege every allegation made in each preceding paragraph as if those allegations were set out at length herein.

45. At all times relevant herein and at the aforementioned time and place, the defendant, DEWEY THOMAS, was employed by CROMARTIE TRANSPORATION LINES, to transport the aforementioned trailer, in furtherance of defendant CROMARTIE TRANSPORATION LINES's business and with their permission and consent. At all times relevant herein and at the aforementioned time and place Defendant DEWEY THOMAS was the duly authorized agent of the defendant, CROMARTIE TRANSPORATION LINES, in

operating, maintaining, and/or controlling the aforementioned trailer and was in full charge and management of defendant ZELENKA NURSERY's and/or TRI-B NURSERY's trailer.

46. The defendant, CROMARTIE TRANSPORATION LINES, through its agent, DEWEY THOMAS, who was then duly authorized and who was then in the course of his employment, drove the aforementioned automobile on the New Jersey Turnpike South at or about Mile Post 35, in the County of Burlington, State of New Jersey, negligently, carelessly, and wantonly causing it to strike and injure the plaintiffs as herein set forth.

47. As a result of the aforementioned negligent acts of its agent the defendant CROMARTIE TRANSPORATION LINES is liable for the injuries caused to the plaintiffs.

48. At all times relevant herein and at the aforementioned time and place, the defendant, DEWEY THOMAS, was employed by CRST MALONE, INC., to transport the aforementioned trailer, in furtherance of defendant CRST MALONE, INC.'s business and with their permission and consent. At all times relevant herein and at the aforementioned time and place Defendant DEWEY THOMAS was the duly authorized agent of the defendant, CRST MALONE, INC., in operating, maintaining, and/or controlling the aforementioned trailer and was in full charge and management of defendant ZELENKA NURSERY's and/or TRI-B NURSERY's trailer.

49. The defendant, CRST MALONE, INC., through its agent, DEWEY THOMAS, who was then duly authorized and who was then in the course of his employment, drove the aforementioned automobile on the New Jersey Turnpike South at or about Mile Post 35, in the County of Burlington, State of New Jersey, negligently, carelessly, and wantonly causing it to strike and injure the plaintiffs as herein set forth.

50. As a result of the aforementioned negligent acts of its agent the defendant CRST MALONE, INC., is liable for the injuries caused to the plaintiffs.

51. At all times relevant herein and at the aforementioned time and place, the defendant, DEWEY THOMAS, was employed by ZELENKA NURSERY and/or TRI-B NURSERY to transport the aforementioned trailer, in furtherance of defendant ZELENKA NURSERY's and/or TRI-B NURSERY's business and with their permission and consent.

52. At all times relevant herein and at the aforementioned time and place Defendant DEWEY THOMAS was the duly authorized agent of the defendant, ZELENKA NURSERY and/or TRI-B NURSERY, in operating, maintaining, and/or controlling the aforementioned trailer and was in full charge and management of defendant ZELENKA NURSERY's and/or TRI-B NURSERY's trailer.

53. The defendant, ZELENKA NURSERY and/or TRI-B NURSERY, through its agent, DEWEY THOMAS, who was then duly authorized and who was then in the course of his employment, drove the aforementioned automobile on the New Jersey Turnpike South at or about Mile Post 35, in the County of Burlington, State of New Jersey, negligently, carelessly, and wantonly causing it to strike and injure the plaintiffs as herein set forth.

54. As a result of the aforementioned negligent acts of its agent the defendant ZELENKA NURSERY and/or TRI-B NURSERY is liable for the injuries caused to the plaintiffs.

**WHEREFORE**, the Plaintiffs ALPHONZO SIMMONS, STEPHEN MAGEE, and KENNETH BROWN, demand judgment against all of the defendants jointly, severally, and in the alternative as follows:

55. For compensatory damages in an amount to be determined at trial but in no event less than the jurisdictional minimum;

56. Each plaintiff's damages individually exceed $150,000.00;

57. For consequential and punitive damages;

58. For attorneys' fees and costs in an amount to be determined at trial; and

59. For such other and further relief as this Court may deem equitable and just.

### FIFTH COUNT (Punitive Damages)

60. Plaintiffs repeat, reiterate and reallege every allegation made in each preceding paragraph as if those allegations were set out at length herein.

61. The conduct of the Defendants, DEWEY T. THOMAS, CROMARTIE TRASPORATION LINES, RON CAMPBELL, ZELENKA NURSERY, TRI-B NURSERY, INC, AND CRST MALONE, in their negligent operation ownership maintenance and control of the tractor and trailer was accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by that conduct.

62. The conduct of the Defendants, DEWEY T. THOMAS, CROMARTIE TRASPORATION LINES, RON CAMPBELL, ZELENKA NURSERY, TRI-B NURSERY, INC, AND CRST MALONE, in their negligent hiring, retention and supervision of Dewey Thomas was accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by that conduct.

63. As a direct and proximate result of said accident, the Plaintiffs ALPHONZO SIMMONS, STEPHEN MAGEE, and KENNETH BROWN, sustained bodily injuries on April 25, 2009.

**WHEREFORE**, the Plaintiffs ALPHONZO SIMMONS, STEPHEN MAGEE, and KENNETH BROWN, demand judgment against all of the defendants jointly, severally, and in the alternative as follows:

I. For compensatory damages in an amount to be determined at trial but in no event less than the jurisdictional minimum;

II. Each plaintiff's damages individually exceed $150,000.00;

III. For consequential and punitive damages;

IV. For attorneys' fees and costs in an amount to be determined at trial; and

V. For such other and further relief as this Court may deem equitable and just.

Dated: July 30, 2010

By: /s Daniel T. Gluck
Daniel T. Gluck, Esq. (DG 3461)
ZAREMBA BROWNELL & BROWN PLLC
*Attorneys for Plaintiffs*
*ALPHONZO SIMMONS, STEPHEN MAGEE &*
*KENNETH BROWN*
40 Wall Street, 28th Floor
New York, New York 10005
212-400-7223

## JURY DEMAND

Plaintiffs hereby demand as trial by jury as to all issues in this matter as permitted by law.

Dated: July 30, 2010

By: /s Daniel T. Gluck
Daniel T. Gluck, Esq. (DG3461)
ZAREMBA BROWNELL & BROWN PLLC
*Attorneys for Plaintiffs*
*ALPHONZO SIMMONS, STEPHEN MAGEE &*
*KENNETH BROWN*
40 Wall Street, 28th Floor
New York, New York 10005
212-400-7223

## DESIGNATION OF TRIAL ATTORNEY

JOHN D. ZAREMBA is named as the Designated Trial Attorney with DANIEL T. GLUCK acting as local counsel for this matter.

## CERTIFICATION

DANIEL T. GLUCK, ESQ. attorney for the Plaintiffs, certifies:

1. The matter in controversy is not the subject of any other action pending in ay other action pending in any court and is not the subject of a pending arbitration proceeding.

2. No other action or arbitration proceeding is contemplated.

3. There is no other party who should be joined in this action to my knowledge as of the present time.

Dated: July 30, 2010

By: /s Daniel T. Gluck
Daniel T. Gluck, Esq. (DG3461)
ZAREMBA BROWNELL & BROWN PLLC
*Attorneys for Plaintiffs*
ALPHONZO SIMMONS, STEPHEN MAGEE &
KENNETH BROWN
40 Wall Street, 28th Floor
New York, New York 10005
212-400-7223

## CERTIFICATION PURSUANT TO L.Civ.R. 201.1(d)(2)

Daniel T. Gluck certifies as follows:

1. I am an attorney at law of the State of New Jersey and I am admitted to practice before the United Sated District Court, District of New Jersey.

2. I am associated with the law firm of ZAREMBA BROWNELL & BROWN, PLLC, attorneys for plaintiffs ALPHONZO SIMMONS, STEPHEN MAGEE & KENNETH BROWN, and as such I am fully familiar with the facts and circumstances of the within matter based upon my review of the file maintained by my office.

3. This action arises from a nine (9) car motor vehicle accident on or about April 25, 2009 on the New Jersey Turnpike South at or about Mile Post 35, in the County of Burlington, that was caused by the defendants' negligence. The aforementioned motor vehicle accident resulted in five (5) deaths, two (2) catastrophic injuries, and one (1) severely injured individual.

4. As a result of the defendants' negligence this accident rendered Plaintiff ALPHONZO SIMMONS a quadriplegic, rendered Plaintiff STEPHEN MAGEE a paraplegic, and caused Plaintiff KENNETH BROWN to suffer permanent and disabling injuries.

5. The damages in this action for each plaintiff herein individually exceed the $150,000.00 requirement for compulsory arbitration under Local Civil Rule 201, and the total damages in this action grossly exceeds the requirement, thus, making formal adjudication rather than arbitration appropriate.

6. As such, the plaintiff's respectfully submit that this matter should not be referred to arbitration but should proceed with formal adjudication.

Dated: January 5, 2010

By:    /s Daniel T. Gluck
Daniel T. Gluck, Esq. (DG3461)
ZAREMBA BROWNELL & BROWN PLLC
*Attorneys for Plaintiffs*
*ALPHONZO SIMMONS, STEPHEN MAGEE &*
*KENNETH BROWN*
40 Wall Street, 28th Floor
New York, New York 10005
212-400-7223